UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE COLE,<br><br>    Plaintiff,<br><br>    v.<br><br>K. ALLISON, et al.,<br><br>    Defendants. | Case No. 21-cv-06503-WHO<br><br>**ORDER OF SERVICE;**<br><br>**DIRECTIONS TO CLERK** |

# INTRODUCTION

Plaintiff Robert Lee Cole, an inmate at San Quentin State Prison (SQSP), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that defendants California Department of Corrections and Rehabilitation (CDCR) director Allison, CDCR Secretary Diaz, CDCR associate director Davis, SQSP warden Ron Broomfield, federal receiver Kelso, SQSP chief medical officer Pachynski, California Institute for Men (CIM)[1] chief medical officer Escobell, CDCR director of medical services doctor Steven Tharratt, SQSP Healthcare chief executive director Clarence Cryer, CIM warden Dean Borders, and California Correctional Health Care Services (CCHCS) doctor Joseph Bick (collectively "Defendants") violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to SQSP in May 2020. Cole's complaint (Dkt. 1) is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[1] The Court refers to California Institute for Men – Chino as CIM, instead of using CSP, the abbreviation used by Plaintiff.

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Complaint

Cole alleges that Defendants were involved in the decision to transfer over 100 inmates, some of whom were infected with COVID-19, from CIM to SQSP in May 2020. Dkt. 1 at 10. He alleges that Defendants failed to take adequate safety precautions before, during, and after the transfer, including failing to test the transferring prisoners or screen them for symptoms at the appropriate times, failing to implement distancing measures on the transfer busses, and failing to test and isolate the transferred prisoners upon arrival. *Id.* at 9-13. He alleges that SQSP was an inappropriate prison for sending the prisoners, because it has "exceedingly poor ventilation, extraordinary close living quarters, [and] inadequate sanitation due to its antiquated infrastructure and overcrowding." *Id.* at 9. Cole sues all Defendants in both their individual and official

capacities. *Id*. at 7.

The complaint alleges that defendant Kelso "ordered or helped facilitate the transfer . . . with the approval of" defendants Diaz, Allison, and Davis; that defendants Escobell and Tharratt ordered that the transferring prisoners not be retested the day before the transfer; that defendant Bick was "responsible for all transfer and testing protocols"; that defendant Borders approved the[] transfers of untested" prisoners; and that defendant Davis, "with the approval of" defendants Allison and Bick, "decided to disregard the . . . social distancing guidelines" by placing more than 19 prisoners on each bus. Dkt. 1 at 9-10, 12. It alleges that defendants Broomfield, Cryer, and Pachynski "chose not to implement . . . basic safety measures" to prevent spread of the virus upon the arrival of the transferring prisoners at SQSP. *Id.* at 13. It also alleges that defendants Diaz and Allison were "well aware of the concerns raised" regarding the transfer. *Id.* at 12.

Cole does not explicitly allege that he contracted COVID-19 or experienced symptoms of COVID-19, but he includes an "Exhibit C" with his complaint, stating, "Plaintiff requested his medical file months ago to no avail." Dkt. 1-2 at 61. He alleges generally that Defendants' conduct as described placed all SQSP prisoners at risk for contracting COVID-19. He attaches records pertaining to his grievances; news articles about the transfer; and a report by the Office of the Inspector General titled COVID-19 Review Series Part Three: California Correctional Health Care Services and the California Department of Corrections and Rehabilitation Caused a Public Health Disaster at San Quentin State Prison When They Transferred Medically Vulnerable Incarcerated Persons from the California Institution for Men Without Taking Proper Safeguards. *See generally* Dkt. 1-1, 1-2.

Cole alleges the above actions and inactions violated the Eighth Amendment. He seeks declaratory relief, injunctive relief, compensatory and punitive damages, and costs of suit.

**C.    Legal Claims**

Liberally construed, Cole's allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

3

Cole is suing each defendant individually and "in his [or her] official capacity." Dkt. 1 at 7. The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). State officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. *Id.* Accordingly, the Eleventh Amendment bars Cole's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacities. *See id.* The Court DISMISSES the claims for damages against Defendants in their official capacities.

The Court also DISMISSES Cole's claims against defendant Tharratt. The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death preceded the filing of this action on August 23, 2021. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Dr. Tharratt was therefore not an appropriately named Defendant at the onset of this litigation.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court DISMISSES defendant Tharratt.

2. The Court DISMISSES the amended complaint's claims for damages based on Defendants' actions in their official capacity, as barred by the Eleventh Amendment.

3. The Court ORDERS that service on the following CDCR Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

   a. CDCR Director Allison;
   b. CDCR Secretary Diaz;
   c. CDCR associate director Davis;
   d. SQSP warden Ron Broomfield;
   e. SQSP chief medical officer Pachynski;
   f. CIM chief medical officer Escobell;
   g. SQSP Healthcare chief executive director Clarence Cryer;
   h. CIM warden Dean Borders; and
   i. CCHCS doctor Joseph Bick

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Cole.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

1  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
2  defendant who has not waived service according to the CDCR Report of E-Service Waiver a
3  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
4  of this order, the summons and the operative complaint for service upon each defendant who has
5  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
6  Service Waiver.

7  4.  The Court ORDERS that service on defendant Clark Kelso shall proceed
8  separately.  The Clerk is directed to electronically serve Clark Kelso and his attorney via the email
9  address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint
10 (Dkt. 1), this Order of Service, a Waiver of the Service of Summons form, and a summons.

11 No later than 40 days after service of this order via email on defendant Kelso and his
12 attorney, defendant Kelso shall file the Waiver of the Service of Summons or a Notice indicating
13 that he does not waive service.  If defendant Kelso files such a notice, the Clerk shall prepare a
14 USM-205 Form and shall provide to the USMS the completed USM-205 form and copies of this
15 order, the summons, and the operative complaint for service upon defendant Kelso.

16 5.  All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
17 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
18 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on
19 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the
20 cost of such service unless good cause can be shown for their failure to sign and return the waiver
21 form.

22 6.  This Court will issue a scheduling order for summary judgment or other dispositive
23 motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter.  *See* Dkt.
24 8.

25 7.  All communications by Cole with the Court must be served on Defendants' counsel
26 by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any
27 document that a party files but fails to send a copy of to his opponent.  Until Defendants' counsel
28 has been designated, Cole may mail a true copy of the document directly to Defendants, but once

6

Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8. Cole is responsible for prosecuting this case. He must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). He must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Cole is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 8, 2022



WILLIAM H. ORRICK
United States District Judge